IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAIAN BRANDON,  No. 2:14-CV-2883-GEB-CMK-P

    Plaintiff,

  vs.  FINDINGS AND RECOMMENDATIONS

L. WILLIAMS, et al.

    Defendants.

_____/

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 16).

**I. PLAINTIFF'S ALLEGATIONS**

    Plaintiff names the following as defendants: (1) Williams; (2) Muhammad; (3) Busig; (4) Mitchell; and (5) Hendricks. Plaintiff claims that, after being informed that plaintiff and his cellmate were "coming to blows" and that plaintiff had requested a cell reassignment, defendant Williams "stated that he did not care about Plaintiff's hostile cell situation, that he was not going to separate Plaintiff and his cellmate." Plaintiff states that he also informed defendant Muhammad about the problem with his cellmate but that defendant

1

Muhammad "informed Plaintiff that once a 9 Building Floor Officer notified her, that she would immediately rehouse Plaintiff or his cellmate. . . [¶] [b]ut if Plaintiff did not return to his cell immediately that he would be placed in (Ad-Seg)."

Next, plaintiff states that he some days later "the inmate in 9-227 and Plaintiff's cellmate requested that 9 Building Second Watch Floor Officer, Defendant (C/O) T. Busig to separate Plaintiff and his cellmate." According to plaintiff, defendant Busig stated that he would not separate plaintiff and his cellmate unless he saw blood or blackeyes. Plaintiff claims that, later that day, he approached defendant Hendricks "about his hostile cell situation" and that he informed defendant Hendricks that he felt his safety was in jeopardy by remaining in the cell with his cellmate. According to plaintiff, defendant Hendricks refused to separate plaintiff and his cellmate and told him to return to his cell or face placement in administrative segregation. Plaintiff alleges that he informed defendant Mitchell of his safety concerns with the same result.

Plaintiff states that he and his cellmate were involved in an altercation on February 19, 2014, that lasted several hours and resulted in severe injuries to plaintiff's face. According to plaintiff, defendant Hendricks walked by while this was going on, realized the two inmates were fighting, and ignored the situation. Plaintiff adds that defendant Mitchell also "peered into Plaintiff's cell as the physical altercation occurred and stated 'there in cell 240 trying to kill each other.'" Plaintiff states that his cellmate was later placed in administrative segregation for the assault.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All

ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see

Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Defendants argue that this action is barred under Heck v. Humphrey, 512 U.S. 477, 483-84 (1994), and Edwards v. Balisok, 520 U.S. 641, 646 (1987).

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding

that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

In particular, where the claim involves the loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas); see also Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

In this case, defendants note that plaintiff was issued a rules violation report for fighting with his cellmate and assessed a 90-day loss of good-time credits. According to defendants, success on the merits of his claim that defendants failed to protect him would "necessarily render his prison rule violation conviction invalid." The court does not agree. A review of the rules violation report at issue reflects that plaintiff was charged with and found guilty of violating California Code of Regulations § 3005(d)(1), which provides: "Inmates shall

not willfully commit or assist another person in the commission of an assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." Whether the altercation between plaintiff and his cellmate was the result of defendants' failure to protect plaintiff is immaterial to the finding that plaintiff violated § 3005(d)(1) because, regardless of the reason for the fight, plaintiff would still be guilty of violating § 3005(d)(1). Defendants make no attempt in their motion to explain otherwise.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 31, 2017

                                                                         /s/ Craig M. Kellison
                                                                         **CRAIG M. KELLISON**
                                                                         UNITED STATES MAGISTRATE JUDGE