IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIAN BRANDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. WILLIAMS, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-2883-TLN-DMC<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On February 1, 2019, the magistrate judge filed findings and recommendations ("F&R") herein which were served on the parties and which contained notice that the parties may file objections within fourteen days. (ECF No. 64.) Timely objections to the findings and recommendations have been filed. (ECF Nos. 65, 67, and 70.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&R to be supported by the record and by proper analysis, however, the Court will clarify a few issues raised in the parties' objections to the F&R.

///

A. <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff's motion asserts that no issue of material fact exists as to his Eighth Amendment claim against Defendants. (ECF No. 49 at 1.) Prison officials have a duty to protect other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 828. To prevail on a failure-to-protect case, a plaintiff must establish that prison officials acted with "deliberate indifference" — which has both subjective and objective components. *Id.* At 842. The objective component requires that an inmate prove the presence of a "substantial risk of serious harm." *Id.* at 824 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). An isolated incident of violence is not necessarily sufficient to prove the inmate faced a *substantial risk* of harm. *Flournoy v. Merced Cty. Sherriff's Dep't*, 44 F. App'x 843, 844 (9th Cir. 2002). The subjective element factors in the "facts and circumstances of each particular case." *Castro v. City of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). For an inmate to face a *substantial risk* of harm, the circumstances must show the risk of harm was more than speculative. *Contreras v. Collins*, 50 F. App'x 351, 352 (9th Cir. 2002).

In determining Defendants met the objective element, the magistrate judge relied solely on Plaintiff's evidence asserting the substantial risk of serious harm he allegedly faced. (ECF No. 64 at 11.) However, the Court will also consider Defendants' evidence in its *de novo* review of Plaintiff's motion. In the instant case, Defendants Busig and Hendricks acknowledge they received a request from Plaintiff for a cell reassignment. (ECF No. 45-2 ¶ 19; ECF No. 39-1 ¶ 4.) However, Defendants each assert no prior knowledge of any specific safety concerns that would result in physical harm to Plaintiff. (ECF No. 45-2 ¶ 21, 23-24, 26; ECF No. 39-1 ¶ 3.) Further, Plaintiff had no "documented enemy concerns" with his cellmate prior to the altercation in question. (ECF No. 45-2 ¶ 18.) In contrast, Plaintiff proffers evidence that he expressed "safety concerns" to each of the named Defendants. (ECF No. 49 at 6.) Therefore, the parties' evidence exposes a triable factual issue that will be dispositive as to whether Plaintiff faced a substantial risk of harm. Consequentially, the Court cannot definitively conclude the objective element is met.

The Court agrees with the F&R's determination that the subjective element of Plaintiff's

failure-to-protect claim involves a triable issue of fact.  Plaintiff's motion (ECF No. 49.) is accordingly DENIED.

      B.      <u>Defendant Hendricks' Motion</u>

Defendant Hendricks' objections to the F&R allege that the magistrate judge relied on evidence which contradicts Plaintiff's deposition testimony.  (ECF No. 67 at 2.)   Specifically, he alleges that the magistrate judge "creates[s] an issue of fact" by citing Plaintiff's declaration.  (ECF No. 67 at 2.)  While it is true that a party cannot create an issue of fact by an affidavit contradicting prior deposition testimony, *Foster v. Arcata Assocs.*, 772 F.2d 1453, 1462 (9th Cir. 1985), the magistrate judge does not rely on such evidence.  While Plaintiff's deposition from March does not mirror the exact language of Plaintiff's affidavit, the factual assertions do not contradict.  (ECF No. 39-4 at 5–7; ECF No. 49 at 8.)  In his deposition, Plaintiff did not specify Hendricks' knowledge of Plaintiff's safety concerns, (ECF No. 39-4 at 5–7), however, Plaintiff described other evidence, including declarations of other inmates, highlighting material issues of fact relating to Hendricks' awareness of potential physical harm to Plaintiff.  (ECF No. 49 at 8, 16, 42, 45.)  Later, in his affidavit, Plaintiff mentioned that Hendricks had knowledge of the purported safety concerns.  (ECF No. 49 at 2, 8, 9–11.)  While additional information was alleged, it did not in fact, contradict.  Accordingly, the Court finds that Defendant Hendricks' objections are unavailing and his motion for summary judgment, (ECF No. 39) is hereby DENIED.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations filed February 1, 2019, (ECF No. 64) are ADOPTED in full;

2.      Plaintiff's Motion for Summary Judgment (ECF No. 49) is DENIED; and

3.      Defendants' Cross Motions for Summary Judgment (ECF Nos. 39 and 45) are DENIED.

Dated: September 3, 2019

Troy L. Nunley
United States District Judge