IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIAN BRANDON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. WILLIAMS, et al.,<br><br>    Defendants. | No. 2:14-CV-2883-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's request, ECF No. 120, for issuance of writs of habeas corpus ad testificandum for the attendance of various inmate witnesses to testify at the time of trial in this matter.

**I. BACKGROUND**

This action proceeds on Plaintiff's original complaint, ECF No. 1, in which he alleges Defendants were deliberately indifferent to a known safety risk posed by his cellmate in February 2014. Following the close of discovery, resolution of dispositive motions, and submission of status reports, the Court issued an order on February 13, 2020, requiring the parties to submit pre-trial statements. See ECF No. 88.

///

The Court's February 13, 2020, order outlined procedures for obtaining the attendance of incarcerated witnesses. See id. at 2-3. Specifically, the Court ordered:

> An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order (called a writ of habeas corpus ad testificandum) unless it is satisfied that: (1) the prospective witness is willing to attend; and (2) the prospective witness has actual knowledge of relevant facts.
>
> With the pre-trial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:
>
> 1. State the name, CDCR identification number, and address of each such witness; and
>
> 2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

> 1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or
>
> 2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

> 1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify; or

///

///

        2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.
If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

Id.

## II. DISCUSSION

Plaintiff seeks authorization for the following inmates to testify as trial witnesses: (1) Gilbert Berry, see ECF No. 120; (2) Daniel Evans, see ECF No. 12-1; (3) Lloyd Olson, see ECF No. 120-2; (4) Anthony Tarkington, see ECF No. 120-3; and (5) D. Whitley, see ECF No. 120-4. The Court previously denied Plaintiff's motions for the attendance of these witnesses without prejudice to renewal with proper affidavit. See ECF Nos. 115 (order as to Whitley), 114 (order as to Tarkington), 113 (order as to Olson), 111 (order as to Evans), and 110 (order as to Berry). Plaintiff's prior motions as to these witnesses were denied because Plaintiff failed to submit affidavits indicating, as required by the Court's February 13, 2020, order, that the inmate witnesses are willing to testify voluntarily. See id.

In support of his motion for the attendance of inmate Berry, Plaintiff provides his own declaration. See ECF No. 120. Plaintiff states that inmate Berry is willing to testify voluntarily. See id. Specifically, Plaintiff states: "I last saw inmate Berry in 2017 at which time he told me that he would voluntarily testify to the contents of this affidavit." Id. at 2. Similarly, as to inmate Evans, Plaintiff states: "I last saw inmate Evans in 2014-2015 while we were both

3

1 housed at CSP-Sol (Solano) and Evans told me that he would voluntarily testify to the contents of

2 this affidavit." ECF No. 120-1, pg. 3.  For inmate Olson, Plaintiff provides his own declaration

3 stating: "Lloyd Olson told me in 2014 that he would voluntarily testify to the contents of this

4 affidavit." ECF No. 120-2, pg. 3.  For inmate Tarkington, Plaintiff again provides his declaration

5 stating: "Tarkington in 2014 told me that he would voluntarily testify to the contents of this

6 affidavit." ECF No, 120-3, pg. 3.  Finally, and as with the other inmates whose trial testimony

7 Plaintiff seeks, Plaintiff states: "I last saw D. Whitley at CSP-Sol. Solano in the year 2017 and D.

8 Whitley told me that he would voluntarily testify to the contents of this affidavit." ECFNO. 120-

9 4, pgs. 3-4.

10      As provided in the February 13, 2020, order, a party may indicate an inmate's

11 willingness to testify voluntarily by the party's own affidavit.  That affidavit must also state when

12 the prospective witness informed the party of the willingness to testify.  Here, the Court finds the

13 various inmates' expressions from 2014 through 2017 of their willingness to testify are too

14 remote in time to indicate a current willingness.  Given that inmates Berry, Evans, and Tarkington

15 appear to have personal knowledge of relevant facts, the Court will deny Plaintiff's motion as to

16 these witnesses without prejudice to renewal accompanied by affidavits indicating their current

17 willingness to testify voluntarily at trial.  In doing so, the Court expresses no opinion on the

18 ultimate admissibility of any testimony these witnesses may be called to offer at trial.

19      Plaintiff's motions will be denied without prejudice as to inmates Olson and

20 Whitley, in that based on the current declarations these witnesses do not appear to have

21 knowledge of relevant facts.  Plaintiff's declarations as to these inmates do not relate to the

22 specific incident or defendants at issue in this case.  According to Plaintiff, inmate Olson will

23 testify that certain infractions, such as refusing a cellmate, warranted placement in administrative

24 segregation, while other infractions did not.  See ECF No. 120-2.  Plaintiff states that inmate

25 Olson knows this because he worked as a clerk in the facility program office.  See id.  Plaintiff

26 contends that inmate Whitley, who served on the Men's Advisory Council, has generalized

27 knowledge that inmates complained of staff failing to accommodate cellmate incompatibility

28 issues.  See ECF No. 120-4.  Neither topic of testimony appears relevant to Plaintiff's claim in

this case that Defendants were deliberately indifferent to a specific safety concern Plaintiff had with his cellmate in February 2014. However, to the extent Plaintiff can demonstrate through an amended declaration that these witnesses have knowledge relevant to Plaintiff's claims of deliberate indifference to a cellmate related safety concern, the Court will again consider the appropriateness of the requested appearance.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion, ECF No. 120, for issuance of writs of habeas corpus ad testificandum is denied without prejudice as to inmates Berry, Evans, Tarkington, Olsen and Whitley.

Dated:  March 29, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE