1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KAIAN BRANDON,                              No.  2:14-CV-2883-TLN-DMC-P

12                    Plaintiff,

13            v.                                  <u>ORDER</u>

14   L. WILLIAMS, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel,

19   ECF No. 128. For the reasons set forth below, this motion will be denied.

20            The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  <u>See</u> <u>Mallard v. United States Dist.</u>

22   <u>Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>See</u> <u>Terrell v. Brewer</u>, 935

24   F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  <u>See</u> <u>id.</u>  In <u>Terrell</u>, the

                                              1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff's motion comes several months after the denial of his request for issuance

of writs of habeas corpus ad testificandum for the attendance of three inmate witnesses to testify

at the time of trial in this matter.[1] ECF No. 122. Plaintiff's request for the writs was premised on

his own affidavit, wherein he claimed that the witnesses informed him sometime between 2014

and 2017 of their willingness to testify. As explained in the March 30, 2022 order denying this

request, the Court found that the inmate witnesses' expressions of their willingness to testify were

too remote in time to indicate a current willingness. Plaintiff now seeks a limited appointment of

counsel to contact the incarcerated witnesses and ascertain their current willingness to testify. He

argues that this appointment is necessary because the inmate witnesses are no longer housed in

the same institution as him and because he is not permitted to communicate with inmates at other

institutions.

Defendant Hendricks opposes Plaintiff's motion.[2] ECF No. 129. He argues that the

requirements for the appointment of counsel have not been met, as Plaintiff has not identified any

legal issue, let alone one of complexity, that requires such an appointment. Instead, argues

Defendant, Plaintiff's request goes to the investigation of his claim and the procurement of

potential witnesses, which does not warrant appointment of counsel. Defendant then attaches

contact information for the three witnesses whose willingness to testify is at issue and

recommends that Plaintiff contact them directly.

The Court finds that Plaintiff has not demonstrated exceptional circumstances

warranting appointment of counsel. That is, he has not shown that he is likely to succeed on the

---

[1] These witnesses have been identified as Gilbert Berry, CDCR #G34851; Daniel Evans, CDCR #AL3159; and Anthony Tarkington, CDCR #K77464.

[2] Defendants Muhammad, Williams, Busig, and Mitchell take no position on Plaintiff's motion. ECF No. 130.

1  merits and that he is unable to articulate his claims on his own. In fact, the record plainly

2  demonstrates Plaintiff's ability to file motions, respond to court orders, and articulate his claims.

3  Moreover, Plaintiff's understanding of his ability to correspond with inmates at other institutions

4  is incorrect. Pursuant to California Code of Regulations section 3139, "Inmates shall obtain

5  written authorization from the Warden . . . to correspond with . . . (1) Inmates under the

6  jurisdiction of any county, state or federal, juvenile or adult correctional agency." An inmate may

7  initiate a request to correspond "by contacting their Correctional Counselor I (CCI)." Cal. Code

8  Reg., § 3139(b). Here, Plaintiff makes no showing that he initiated this request with his CCI as to

9  any of the three witnesses. His motion for appointment of counsel is therefore also premature.

10           Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

11  appointment of counsel, ECF No. 128, is denied.

12

13  Dated:  July 22, 2022

14  _____

15  DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28