UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIAN BRANDON,<br><br>                   Plaintiff,<br><br>       v.<br><br>L. WILLIAMS, et al.,<br><br>                   Defendants. | No. 2:14-cv-02883 TLN DMC P<br><br><br>ORDER |

       Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim alleging that defendants were deliberately indifferent to a known safety risk in violation of the Eighth Amendment when they failed to heed Plaintiff's warnings that his cellmate was a danger to him and when they failed to intervene when the cellmate assaulted him.

       Pursuant to court order, the parties have submitted pretrial statements. In his pretrial statement, Plaintiff seeks the appointment of "an expert in the field of corrections, to provide testimony about their [sic] being a code of silence[,] about the history of a code of silence that has existed and is presently permeated among prison guards, which becomes more prevalent as the correctional staffs experience progresses." ECF No. 90 at 20. Plaintiff argues this appointment is necessary because he argues that Defendants Mitchell and Hendricks failed to intervene when Plaintiff's cellmate assaulted him allegedly in retaliation for a CDCR 22 form that was filed against Defendant Busig earlier that day by another inmate.

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed ..." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue ..." Fed. R. Evid. 702. The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." Ledford v. Sullivan, 105 F.3d 354, 358–59 (7th Cir. 1997).

While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution. Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D. Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D. Cal. 2013). The court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness. Still, the IFP statute does not grant the court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C. § 1915; see also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

Plaintiff claims that Defendants Mitchell and Hendricks witnessed the altercation between him and his cellmate and yet failed to intervene. The Court considers whether an expert witness would assist it in understanding the evidence or to determining a fact in issue. Fed. R. Evid. 702. Here, Plaintiff's allegations are no more complex than those found in a majority of Eighth Amendment failure-to-protect cases pending before this Court. An expert witness is not

needed to determine whether Defendants failed to intervene when Plaintiff's cellmate was assaulting him. Notably, Plaintiff is not asserting a First Amendment retaliation claim. Therefore, Plaintiff's request for the appointment of an expert witness shall be denied.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of an expert witness (ECF No. 90) is DENIED.

Dated: September 26, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE