IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIAN BRANDON,<br><br>    Plaintiff,<br><br>    v.<br><br>L. WILLIAMS, et al.,<br><br>    Defendants. | No. 2:14-CV-2883-TLN-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel, ECF No. 140.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff states that appointment of counsel is necessary to represent him at trial. <u>See</u> ECF No. 108, pg. 1. Plaintiff's motion will be denied because the issues involved in this case are not factually or legally complex, Plaintiff has demonstrated an ability to articulate his claims on his own, and, though Plaintiff's claims have survived summary judgment, the Court cannot say that Plaintiff has demonstrated a likelihood that he will ultimately prevail on the merits. Notably, as with Plaintiff's prior motion for the appointment of counsel, Plaintiff's current motion does not outline any exceptional circumstances justifying the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 140, is denied.

Dated:  December 20, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE