IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIAN BRANDON, | No. 2:14-CV-2883-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| L. WILLIAMS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion, ECF No. 142, for the attendance of incarcerated witnesses at the trial in this matter, currently set to commence before the District Judge on April 23, 2023.[1] Defendants have filed opposition to Plaintiff's motion. See ECF Nos. 143 and 144.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] By separate order, the Court has granted Plaintiff's motion for correction and notes the correct prison identification number for inmate Glosson.

1

Plaintiff's renewed motion seeks an order for the attendance of incarcerated individuals. See ECF No. 142. Plaintiff states that the Court has determined that inmates Gilbert Berry, Daniel Evans, and Anthony Tarkington have relevant information and he now seeks writs of habeas corpus ad testificandum as to these individuals. See id. at 1. Plaintiff next states that inmate Gregory Norwood "was deemed to have a current affidavit so will voluntarily brought to trial." Id. Finally, Plaintiff states that the Court previously denied his motion as to inmates Lloyd Olson and D. Whittey because Plaintiff had not established that these individuals have relevant knowledge. See id. Plaintiff's current renewed motion seeks an order for the attendance of inmates Olson and Whittey and does not otherwise address the other inmates listed above. The Court, therefore, addresses only Olson and Whittey.[2]

As to inmate Olson, Plaintiff now states that Mr. Olson will testify that, as an office clerk, Olson typed rules violation reports regarding incidents similar to the incident involved in Plaintiff's case. See id. Plaintiff states that inmate Whittey will testify that, as Chairman of the prison Men's Advisory Council, Whittey counseled other inmates with claims similar to Plaintiff's claims in this case. See id. As Defendants note in their opposition briefs, Plaintiff continues to fail to indicate that either inmate has personal knowledge of facts particular to Plaintiff's case. Plaintiff has been previously advised of the requirement to indicate that proposed incarcerated witnesses must have personal first-hand knowledge of relevant facts. Nonetheless, Plaintiff's renewed motion continues to suffer from this defect.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed motion, ECF No. 142, for the attendance of incarcerated witnesses is denied without prejudice to a further request, supported by the showing of witness firsthand knowledge, as described above.

Dated: December 29, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Though Plaintiff states that the Court has granted prior motions for the attendance of inmates Gilbert Berry, Daniel Evans, and Anthony Tarkington, the record does not reflect any such orders. To the contrary, Plaintiff's prior motions as to these inmates have been denied. See ECF Nos. 109-115.