1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KAIAN BRANDON,                          No.  2:14-CV-2883-TLN-DMC-P

12                  Plaintiff,

13          v.                               ORDER

14   L. WILLIAMS, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Trial is set to commence before the District Judge on April 24, 2023, at 9:00

19   a.m., in Sacramento, California.

20          Pending before the Court are the following motions:

21                  ECF No. 148   Plaintiff's renewed motion for the attendance of
                                  incarcerated witnesses.
22
                    ECF No. 151   Defendants' motion to allow late disclosure of expert
23                                witnesses.

24                  ECF No. 153   Plaintiff's motion to appoint trial counsel.

25                  ECF No. 154   Plaintiff's motion to postpone trial.

26                  ECF No. 159   Defendants' motion to continue trial.

27   / / /

28   / / /

                                              1

Beginning with the issue upon which the parties agree – commencement of a jury trial in April – the Court first addresses the parties' motions to continue the trial date.  Good cause appearing therefor based on the parties' mutual agreement that a settlement conference could be productive, these motions will be granted and the current trial date will be vacated.

Because the trial date will be vacated, Defendants' motion for late disclosure of expert witnesses will be denied as unnecessary.  Absent a trial date to trigger the expert witness disclosure deadline provided under the Federal Rules of Civil Procedure, there is no need to seek leave for late disclosure.

Likewise, because an order allowing testimony from incarcerated witnesses requires a showing of a <u>current</u> willingness to testify, Plaintiff's renewed motion for attendance of incarcerated witnesses will be denied without prejudice to renewal if a trial date is re-set.  In this regard, the parties are encouraged to meet and confer to the extent possible on agreed incarcerated witnesses, if any.

Finally, the Court addresses Plaintiff's motion or appointment of trial counsel. Because the trial date will be vacated to allow the parties to pursue settlement negotiations, Plaintiff's motions for appointment of trial counsel will also be denied without prejudice to renewal if a trial date is ultimately set in this case.

The Court will hereby refer the matter to the Court's Alternative Dispute Resolution coordinator to arrange a settlement conference before a different Magistrate Judge. Pending completion of this process, other proceedings in this case will be stayed for 120 days.

Accordingly, IT IS HEREBY ORDERED that:

1.      The parties' motions for continuance of the trial date, ECF Nos. 154, 159, are granted;

2.      The April 24, 2023, trial date set before the District Judge is vacated;

3.      Defendants' motion for late disclosure of expert witnesses, ECF No. 151, is denied as unnecessary;

4.      Plaintiff's renewed motion for attendance of incarcerated witnesses, ECF No. 148, is denied without prejudice;

2

5.      Plaintiff's motion for appointment of trial counsel, ECF No. 153, is denied without prejudice; and

6.      This matter is referred to the Court's Alternative Dispute Resolution coordinate and stayed for 120 days.

Dated:  March 1, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3